UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALMUT REINICKE,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CREATIVE EMPIRE, LLC, dba MANGOLANGUAGES.COM, a Michigan Limited Liability Company; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 12cv1405-GPC(KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT**<br><br>[Dkt. No. 4.] |

Before the Court is Defendant Creative Empire LLC's motion to dismiss and motion for a more definite statement. (Dkt. No. 4.) Plaintiff filed an opposition on November 30, 2012. (Dkt. No. 12.) Defendant filed a reply on December 14, 2012. (Dkt. No. 13.) The motions are submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and applicable law, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss and motion for a more definite statement.

**Background**

On June 11, 2012, Plaintiff Almut Reinicke filed a complaint against Defendant Creative Empire, LLC dba mangolanguages.com alleging copyright infringement, conversion and quantum meruit. (Dkt. No. 1, Compl.) Defendant has an online language learning software commonly known

and distributed over the Internet as Mango 2.0.  (Id. ¶ 1.)  It provides a online text content language learning services.  (Id. ¶¶ 7, 9.)

Plaintiff is a native German speaker and Defendant contracted with Plaintiff to create a "specific online text content for the German language learning services that were part of Mango 2.0." (Id. ¶ 10.)  Plaintiff used her creative skills so students using the Mango 2.0 language learning services would complete the German language program and be conversant, be able to read and understand basic German writings, and be able to communicate in writing in German.  (Id.)

Plaintiff alleges that the text content constitutes the creative Work created and owned by Plaintiff.  Plaintiff registered her Work entitled "Almut Reincke Mango German Course I" with the United States Copyright Office.[1]  (Id.)

The Work consists of 10 chapters with specific conversational and grammatical goals for each chapter.  (Id. ¶ 11.)  Each chapter includes detailed instructions on proper grammar and contain grammar and cultural notes that provide the necessary context for the content contained in the particular chapter.  (Id.)  Plaintiff also created supplemental materials for use in the Mango 2.0 German course which provided students with phonetic spellings of German words.  (Id.)

Plaintiff alleges she was an independent contractor with Defendant and was never an employee.  (Id. ¶ 12.)  The terms for Plaintiff's creation of the Work were not contained in a written agreement between the parties.  (Id.)  Defendant paid Plaintiff a nominal sum for the substantial time and effort to create the Work and did not pay the reasonable value for her services.  (Id.)

Despite the fact that Defendant did not own the copyright to the Work, it incorporated the Work into its online language learning services for Mango 2.0 since November 2010.  (Id. ¶ 13.)  Defendant has marketed and sold the Work online via the website and continues to do so.  (Id. ¶ 13.)  It has also used the Work at conferences and trade shows and has received great profit and benefit from the Work.  (Id.)

**Discussion**

Defendant moves to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's

---

[1] Later in the Complaint, Plaintiff states the she has filed a copyright registration application with the U.S. Copyright Office. (Compl. ¶ 16.)  It is not clear whether the Work is registered with the U.S. Copyright Office.

1  second claim for relief for conversion, third claim for relief for quantum meruit, prayer for relief for
2  punitive damages, statutory damages and attorney's fees in connection with its first claim for relief of
3  copyright infringement. Defendant also moves for a more definite statement pursuant to Federal Rule
4  of Civil Procedure 12(e) as to the first claim of relief for copyright infringement.

**A.   Legal Standard for Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

**B.   Second Cause of Action -Conversion**

Defendant alleges that the conversion claim is preempted by the Copyright Act. In opposition, Plaintiff does not appear to challenge Defendant's argument. She states that if the remedies available to Plaintiff under a claim for conversion are limited to a return of her personal property – "the Work, then Plaintiff will accept this remedy, and take back her property from Defendant." (Dkt. No. 12, P's Opp. at 6.) She further states that since judgment under this claim would not provide compensation for wrongful use of the Work, then if conversion is preempted, then it will seek remedies for damages

under copyright infringement.

The Copyright Act preempts any other "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). Section 301(a) preempts a state-created right if that right "may be abridged by an act which, in and of itself, would infringe one of the exclusive rights [listed in § 106]." Oddo v. Ries, 743 F.2d 630, 635 (9th Cir. 1984) (citation omitted). However, there is no preemption if violation of the state right is "predicated upon an act incorporating elements beyond mere reproduction or the like." Id.

Two conditions must be met for preemption of state law claims under the Copyright Act. "First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1150 (9th Cir. 2008) (citing Downing v. Abercrombie & Fitch, 265 F.3d 994, 1003 (9th Cir. 2001)). A conversion claim is preempted under the Copyright Act when the claim is based on rights protected under the Act, such as the publishing, reproduction, adaptation of copyrighted material, not when the claim is based merely on possession of said material or violation of other rights not covered under the Act. Seng–Tiong Ho v. Taflove, 648 F.3d 489, 502 (7th Cir. 2011) ("The conversion claim, then, is focused on the defendants' unauthorized publishing, not possession, of the protected work. Because publishing is a right under the Copyright Act, the conversion claim is preempted."); Daboub v. Gibbons, 42 F.3d 285, 289 (5th Cir. 1995) (A claim for conversion will be preempted when the theory of recovery merely asserts the wrongful copying, distribution, or performance of an interest under the Copyright Act.); A Slice of Pie Productions, LLC v. Wayans Bros. Ent., 392 F. Supp. 2d 297, 317 (D. Conn. 2005) ("[E]ven a viable conversion claim would be preempted by the Copyright Act since it is based solely on copying, i.e. wrongful use, not wrongful possession.")

The Complaint alleges that Plaintiff was contracted with Defendant to create the "specific online text content for the German language learning services that were part of Mango 2.0." (Dkt. No. 1, Compl. ¶ 10.) Although Plaintiff alleges that the Work constitutes material that is the personal property of Plaintiff, she claims that Defendant converted her property "by using and misappropriating

1  the Work" into its "online language learning services for Mango 2.0 which Mango has marketed and
2  sold online." (Id. ¶¶ 13, 22, 24.) Plaintiff's theory of recovery is based on an intangible property, the
3  alleged infringing distribution and sale of the Mango 2.0 software through the Internet.

4  Accordingly, the Court concludes that Plaintiff's second cause of action for conversion is
5  preempted by the Copyright Act and GRANTS Defendant's motion to dismiss the second cause of
6  action for conversion.

7  **C.    Third Cause of Action - Quantum Meruit**

8  Defendant argues that the claim for quantum meruit must be dismissed as it is also preempted
9  by the Copyright Act. Plaintiff contends that although Defendant unilaterally changed the terms of
10 payment, there was always the promise that Plaintiff would share in the profits of the Mango 2.0
11 language learning course.

12 "Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which
13 a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of
14 those services when necessary to prevent unjust enrichment of the defendant." In re De Laurentiis Ent.
15 Group Inc., 963 F.2d 1269, 1272 (9th Cir. 1992) (citing B. Witkin, Summary of California Law:
16 Contracts § 91 (1987)). "Quantum meruit is not the same as a contract implied in fact. Quantum
17 meruit is based not on the intention of the parties, but rather on the provision and receipt of benefits
18 and the injustice that would result to the party providing those benefits absent compensation." Id.

19 As discussed above, two conditions must be met to apply the preemption provision under the
20 Copyright Act. See Sybersound Records, Inc., 517 F.3d at 1150. First, the content must fall within
21 the subject matter of the Copyright Act. Id. Second, the right asserted under state law must be
22 equivalent to the exclusive rights contained in section 106 of the Copyright Act. Id.

23 In one case, the district court held that Plaintiff's claim for quantum meruit was preempted by
24 the Copyright Act. Lewis v. Activision Blizzard, Inc., 2012 WL 5199505, *2 (N.D. Cal. 2012).
25 Plaintiff was employed with Defendant, a multiplayer online role-playing game developer, in a
26 customer service position for in-game issues. Id. at 1. While employed, Plaintiff responded to an
27 email requesting voices for game creatures. Id. Defendant recorded her voice and an original song
28 she allegedly developed and applied her vocal work to WoW creatures called baby murlocs, which are

virtual pets. Plaintiff alleges that baby murloc pets using her voice and derivatives have been awarded to attendees of BlizzCon and other WoW-related events and Defendant sold plush versions of baby murlocs through its online store. Id. Plaintiff filed an application for copyright registration for her work in baby murloc expressions and the baby murloc song. Id. She alleged that she was not employed by Defendant to produce creative content, did not receive additional compensation for her creative work and did not assign any rights in copyright to Defendant. Id. She alleged claims for copyright infringement and quantum meruit. Id. The Court held that the quantum meruit claim was preempted by the Copyright Act because her quantum meruit recovery was based on seeking compensation for Defendant's alleged use of her voice recordings which was equivalent to her rights under copyright law. Id. at 4.

In this case, Plaintiff is seeking compensation for the creation of the Work[2], which is not a right contained in section 106 of the Copyright Act, and Defendant's alleged commercial use though selling copies of her Works to the public, which is a right contained in section 106 of the Copyright Act. (Dkt. No. 1, Compl. ¶ 12.)

Accordingly, the Court GRANTS Defendant's motion to dismiss the quantum meruit claim as it is preempted by the Copyright Act to the extent that the allegation is based on Defendant's sale of copies of Plaintiff's Work to the public. The Court DENIES Defendant's motion to dismiss the quantum meruit claim to the extent it alleges it seeks compensation for the creation of the Work.

**D.   Punitive Damages as to Copyright Infringement Claim**

Plaintiff contends that punitive damages must be dismissed because punitive damages are not available under the Copyright Act. Defendant contends that punitive damages are allowable and cites to TVT Records v. Island Def Jam Music Group, 262 F. Supp.2d 185, 186-87 (S.D.N.Y. 2003) (punitive damages may be available if requisite malice is demonstrated and plaintiff has elected to recover actual damages, not statutory damages).

Punitive damages are not available under the Copyright Act. 17 U.S.C. § 504 (authorizing actual or statutory damages for copyright infringement); Oboler v. Goldin, 714 F.2d 211, 213 (2d Cir.

---

[2]Defendant argues that because Plaintiff received a nominal payment for the Work, it cannot state a claim for quantum meruit. The Court does not agree with Defendant's argument.

1983).  Numerous district court cases in the Ninth Circuit has followed this holding.  <u>Krisel v. Contempo Homes, Inc.</u>, 2006 WL 5668181, *3 (C.D. Cal. 2006); <u>Smith & Hawken, Ltd. v. Gardendance, Inc.</u>, 2004 WL 2496163, *10 (N.D. Cal. 2004); <u>Saregama India Ltd. v. Young</u>, 2003 WL 25769784, *1 (C.D. Cal. 2003).  The Court follows the district courts in this Circuit that hold that punitive damages are not available under the Copyright Act.

Accordingly, the Court GRANTS Defendant's motion to dismiss the prayer for relief of punitive damages in the First Cause of Action for Copyright Infringement.

**E.     Statutory Damages and Attorneys' Fees as to Copyright Infringement Claim**

Defendant argues that statutory damages and attorney's fees must be dismissed because those damages are not available based on the allegations in the Complaint.  Plaintiff does not address or oppose this argument.

17 U.S.C. § 412 provides that there is no award for statutory damages or attorney's fees for

> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

According to the Complaint, Plaintiff "has filed a copyright registration application with the United States Copyright Office for the Work." (Dkt. No. 1, Compl. ¶ 16.)  The Complaint also states that "Plaintiff has registered her Work entitled 'Almut Reinicke Mango German Course I' with the United States Copyright Office. (<u>Id.</u> ¶ 10.)  It is not clear from the Complaint whether the Work has been registered and if so, the effective date of the registration.  Accordingly, the Court GRANTS Defendant's motion to dismiss the prayer for relief for statutory and attorney's fees under the first cause of action.

**F.     Legal Standard for a Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides that:

> [a[ party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

1  Fed. R. Civ. P. 12(e). "A motion for a more definite statement is used to attack unintelligibility, not
2  mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the
3  substance of the claim asserted against him or her." San Bernardino Pub. Employees Ass'n v. Stout,
4  946 F. Supp. 790, 804 (C.D. Cal. 1996). A motion for a more definite statement should be denied
5  "where the information sought by the moving party is available and/or properly sought through
6  discovery." Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).

        **1.**     **First Cause of Action for Copyright Infringement**

8  Defendant seeks a more definitive statement as to the allegation in the first cause of action for
9  copyright infringement.  First, it seeks specific information as to whether Plaintiff owns a valid
10 copyright registration.  Second, the Complaint fails to describe the Work with sufficient particularity
11 to identify it.  Third, the Complaint fails to allege what portions of the Work that Defendant has
12 allegedly infringed and how such infringement occurred.  Lastly, the Complaint alleges that Plaintiff
13 demanded that Defendant stop its infringing use of Plaintiff's copyrights materials but fails to identify
14 dates or time period when the demand was made.  Plaintiff opposes this motion arguing that there is
15 sufficient facts in the complaint to put Defendant on notice as to the substance and scope of Plaintiff's
16 claims.

17 To establish an infringement of a copyright claim, Plaintiff must show "(1) ownership of a
18 valid copyright, and (2) copying of constituent elements of the work that are original."  Benay v.
19 Warner Bros. Ent., Inc., 607 F.3d 620, 624 (9th Cir. 2010). "Ownership consists of: (1) originality in
20 the author; (2) copyrightability of the subject matter; (3) a national point of attachment of the work,
21 such as to permit a claim of copyright; (4) compliance with applicable statutory formalities."  Four
22 Navy Seals v. Associated Press, 413 F. Supp. 2d 1136, 1147 (S.D. Cal. 2005) (citing Melville B.
23 Nimmer & David Nimmer, Nimmer on Copyright, § 13.01 at 13-4 (2005)). In Four Navy Seals, the
24 Court granted Defendants' motion for a more definite statement under Rule 12(e) because the
25 copyright holder did not state ownership of a valid copyright in a particular photograph. Id. at 1148.
26 In this case, Plaintiff alleges she filed a copyright registration application with the U.S.
27 Copyright Office. (Compl. ¶ 16.)  It also states that she has registered the Work with the Copyright
28 Office. (Id. ¶ 10.)  However, she does not indicate whether the copyright was registered and when it

was registered which is a element of establishing ownership in a copyright infringement claim. Accordingly, the Court GRANTS Defendant's motion for a more definite statement as to this allegation.

As to the contentions that the Complaint fails to allege a description of the Work with sufficient particularity to identify it and fails to allege what portions of the Work that Plaintiff has allegedly infringed, these are without merit. Plaintiff asserts that Defendant have misappropriated the entire Work consisting of 10 chapters. The Work consists of the "online text content for the German language learning services." (Dkt. No. 1, Compl. ¶ 10.) As to the allegation that Plaintiff failed to state when it made its demand on Defendant to stop using her Work, those are facts that can be obtained in discovery and need not be pled in the Complaint.

Accordingly, the Court GRANTS Defendant's motion for a more definite statement as to whether she has ownership of a valid copyright. The Court DENIES Defendant's motion for a more definite statement as to the remaining arguments.

**Conclusion**

Based on the above, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss and motion for a more definite statement. Specifically, the Court GRANTS Defendant's motion to dismiss 1) the second cause of action for conversion as preempted by the Copyright Act; 2) the third cause of action for quantum meruit as preempted by the Copyright Act to the extent Plaintiff seeks damages based on Defendant's sale of copies of Plaintiff's Work to the public; 3) the punitive damages prayer for relief as to the first cause of action; 4) the statutory and attorney's fees prayer for relief as to the first cause of action. The Court DENIES Defendant's motion to dismiss the quantum meruit claim to the extent the Complaint alleges it seeks compensation for the creation of the Work.

The Court also GRANTS Defendant's motion for a more definite statement as to the first cause of action as to copyright infringement concerning whether the Work has been registered and when it was registered. The Court DENIES Defendant's motion for a more definite statement as to the claim that the Complaint fails to describe the Work with sufficient particularity to identify it, fails to allege what portions of the Work that Defendant has allegedly infringed and how such infringement occurred, and fails to identify when Plaintiff demanded Defendant to stop infringing her Work.

1    Plaintiff shall file an amended complaint no later than thirty (30) days from the date stamped
2    on this order curing the deficiencies of pleading identified above.
3    IT IS SO ORDERED.

5    DATED: January 24, 2013

     _____
     HON. GONZALO P. CURIEL
     United States District Judge