1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10   ALMUT REINICKE,                              CASE NO. 12cv1405-GPC(KSC)

11                                Plaintiff,      **ORDER DENYING DEFENDANT'S**
                                                  **MOTION FOR ATTORNEY'S**
12            vs.                                 **FEES AND COSTS**

13   CREATIVE EMPIRE LLC, dba
     MANGOLANGUAGES.COM, a                        [Dkt. No. 51.]
14   Michigan limited liability company;
     and DOES 1-10, inclusive
15
                                Defendant.
16

17        Before the Court is Defendant's motion for attorney's fees and costs pursuant to

18   17 U.S.C. § 505.  (Dkt. No. 51.)  Plaintiff filed an opposition, and Defendant filed a

19   reply.  (Dkt. Nos. 59, 63.)  Based on the briefs, supporting documentation, and the

20   applicable law, the Court DENIES Defendant's motion for attorney's fees and costs.

21                              **Procedural Background**

22        On June 11, 2012, Plaintiff Almut Reinicke ("Plaintiff" or "Reinicke") filed a

23   complaint against Defendant Creative Empire LLC d/b/a Mangolanguages.com

24   ("Defendant" or "Mango") alleging causes of action for copyright infringement,

25   conversion and quantum meruit as to the Work[1] incorporated into Mango 2.0.  (Dkt.

26

27   _____

28        [1]Mango is an online language learning service through the Internet. The
     copyrighted Work is the first ten chapters of the German language course in Mango 2.0
     which breaks down into 108 lessons.  (Dkt. No. 44-1, Reinicke Decl. ¶ 31.)

No. 1.)  On October 23, 2012, the case was transferred to the undersigned judge.  (Dkt. No. 10.)  On January 24, 2013, the Court granted in part and denied in part Defendant's motion to dismiss for failure to state a claim, and granted in part and denied in part Defendant's motion for a more definite statement.  (Dkt. No. 15.)  Specifically, the Court granted Defendant's motion to dismiss the second cause of action for conversion as preempted by the Copyright Act and the third cause of action for quantum meruit as preempted by the Copyright Act to the extent Plaintiff sought damages based on Defendant's sale of copies of Plaintiff's Work to the public.  The Court also granted Defendant's motion to dismiss the punitive damages, statutory damages and attorney's fees prayers for relief on the first cause of action.  The Court denied Defendant's motion to dismiss the quantum meruit claim to the extent the Complaint sought compensation for the creation of the Work.

On February 21, 2013, Plaintiff filed a first amended complaint ("FAC") alleging causes of action for copyright infringement and quantum meruit.  (Dkt. No. 16.)  On August 6, 2014, the Court granted Defendant's motion for summary judgment on the copyright infringement and quantum meruit causes of action.   (Dkt. No. 48.)  On the same day, judgment was entered.  (Dkt. No. 49.)  On August 20, 2014, Defendant filed a motion for attorney's fees and costs.  (Dkt. No. 51.)  On September 5, 2014, Plaintiff filed a notice of appeal.  (Dkt. No. 53.)  On September  26, 2014, Plaintiff filed an opposition along with a notice of errata on September 29, 2014.  (Dkt. Nos. 59, 60.)  On October 9, 2014, Defendant filed a reply.  (Dkt. No. 63.)

**Discussion**

**A.    Whether to Defer Ruling on Motion for Attorney's Fees**

Plaintiff asks the Court to defer ruling on the motion for attorney's fees in the interest of judicial economy in the event the Ninth Circuit reverses the Court's order granting summary judgment in favor of Defendant.  Defendant opposes.

The Advisory Committee Notes to the 1993 Amendments to Federal Rule of Civil Procedure 54 state, "[i]f an appeal on the merits of the case is taken, the court

[12cv1405-GPC(KSC)]

may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision(d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) Advisory Committee Notes on 1993 Amendments. District courts are to administer and construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Ninth Circuit expressly permits the district court to retain jurisdiction when a case is on appeal to consider a motion for attorney's fees "when the relevant circumstances [are still] fresh in the mind of the district judge." Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir.1983) (citations omitted). Moreover, there is an interest in avoiding piecemeal appeals. Id. If the district court rules on the fees motion early in the appeals process, the losing party may file an appeal from the district court's order on the motion for attorney's fees and have that appeal consolidated with the appeal on the merits. Id. The district court's continuing jurisdiction to award fees may prevent delay and duplication at the appellate level. Id. at 956–57.

Here, summary judgment was granted in favor of Defendant and against Plaintiff on August 6, 2014. The facts and proceedings of the case are still fresh in the mind of the undersigned judge. In order to have a just, speedy and final determination of the entire case, the Court exercises its discretion and considers Defendant's motion for attorney's fees. Accordingly, the Court declines to defer ruling on the attorney's fees motion.

**B.     Award of Attorney's Fees**

The Copyright Act provides that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The district court has discretion to grant a prevailing party attorney fees under the Copyright Act. Mattel, Inc. v. MGA Entm't, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013). Attorney's fees are proper under this statute when either successful prosecution or successful defense of the action furthers the purposes of the Copyright Act. Fantasy,

1 Inc. v. Fogerty, 94 F.3d 553, 558 (9th Cir. 1996). "[A] successful defense of a
2 copyright infringement action may further the policies of the Copyright Act every bit
3 as much as a successful prosecution of an infringement claim by the holder of a
4 copyright." Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994).

5     The key factor in determining whether to award fees under the Copyright Act is
6 whether the award will further the purposes of the Act.  Fantasy v. Fogerty, 94 F.3d
7 553, 558 (9th Cir. 1996). The Act's "ultimate aim is . . . to stimulate artistic creativity
8 for the general public good." Fogerty, 510 U.S. at 526 (quoting Twentieth Century
9 Music Corp. v. Aiken, 422 U.S. 151, 156 (1975)).

10     In determining whether to award attorney's fees, the court may consider non-
11 exclusive factors such as: (1) the degree of success obtained; (2) frivolousness of the
12 losing party; (3) motivation of the losing party; (4) the objective unreasonableness of
13 the losing party's factual and legal arguments; and (5) the need, in particular
14 circumstances, to advance considerations of compensation and deterrence.  See
15 Fantasy, 94 F.3d at 534 n.19; see also Love v. Assoc. Newspapers, Ltd., 611 F.3d 601,
16 614 (9th Cir. 2010).  Every factor does not need to be met for a court to award or deny
17 fees.  See Fantasy, Inc., 94 F.3d 553, 556-60 (upholding an award of attorney's fees
18 based on the prevailing party's success and the policy objectives of the Copyright Act,
19 even though the district court found that none of the "culpability" factors of
20 frivolousness, motivation, or objective unreasonableness weighed against the losing
21 party); see also Metcalf v. Bocho, 200 Fed Appx. 635 (9th Cir. 2006) (because half of
22 the factors weigh in favor of defendants and half against them, district court did not
23 abuse its discretion by denying attorneys' fees to defendants).  Moreover, fees are not
24 awarded automatically to every prevailing party; it is only at the court's discretion.
25 Zuill v. Shanahan,, 80 F.3d 1366, 1371 (9th Cir. 1996); see also Perfect 10, Inc. v.
26 CCBill LLC, 488 F.3d 1102, 1120 (9th Cir. 2007) (affirming district court's denial of
27 attorney's fees and costs to prevailing defendant).
28 / / / /

[12cv1405-GPC(KSC)]

### 1.    Degree of Success Obtained

Defendant asserts that it is the prevailing party having succeeded on dismissing claims on a motion to dismiss and the remaining claims on a motion for summary judgment.  Plaintiff does not address whether Defendant is the prevailing party.  Based on the judgment entered in this case, Defendant is the prevailing party.

### 2.    Objectively Unreasonableness of the Losing Party

Defendant contends that Plaintiff's claims were objectively unreasonable because she presented contradictory factual allegations and legally unsubstantiated claims.  Plaintiff maintains that she has provided consistent allegations throughout the litigation.

Defendant primarily asserts that prior to the motion for summary judgment, Plaintiff alleged that there was an oral promise to pay her an agreed term of a 10% royalty on the gross sales of Mango 2.0, but at summary judgment she changed her allegation and asserted that she was promised over a period of time that a commission would be granted to her through her conversations and emails with Mango management. Both parties cite to the first amended complaint in support of their positions.

The FAC alleges that "Mango contracted with Plaintiff to create the specific online text content for the German language learning services that were part of Mango 2.0." (Dkt. No. 16, FAC ¶ 10.) Two paragraphs later, Plaintiff described the nature of the contract.  She states that the contract was not set forth in a written agreement but was based on a lengthy series of email communications between both parties where Mango induced Plaintiff to perform and create the Work. (Id. ¶ 12.) While the terms of payment for Plaintiff's efforts in creating the German course changed over time, Mango always promised that she would be "fairly compensated and share in the profits." (Id.)

Contrary to Defendant's assertions, it knew, when the FAC was filed, Plaintiff's allegation of a contract was based on continued promises of a commission.  In fact,

[12cv1405-GPC(KSC)]

1  during early discussions of a contract for Mango 2.0, Mango was amenable to
2  Plaintiff's demand for the proposed commission of 10% and term length of five years,
3  but the parties disagreed over the amount of the buyout payment. (Dkt. No. 41-4,
4  Goulas Decl. ¶ 10; Dkt. No. 44-1, Reinicke Decl. ¶ 15.) Due to the failure to agree on
5  the buyout provision, a written contract was never executed. Defendant does not
6  dispute that Plaintiff is the owner of the copyright and was granted an implied license
7  to use the Work. Moreover, while no written contract was executed for Mango 2.0,
8  previously, a Commission Agreement was signed by both parties for Mango 1.0. The
9  Commission Agreement provided a commission on sales of Mango 1.0 and the transfer
10  of the copyright ownership from the language developers to Mango. Based on this,
11  there was a reasonable legal and factual basis to support an alleged copyright
12  infringement claim. Based on the past relationship between Defendant and Plaintiff,
13  it was not unreasonable that Plaintiff alleged that a commission was promised to her
14  as negotiations for a written contract continued while Mango 2.0 was being created.

15      Defendant also raises the legal inconsistency that the Court raised in its order on
16  Defendant's summary judgment motion between the first cause of action for copyright
17  infringement where she alleged that while Mango paid for the creation of the Work, it
18  did not pay for the use of the Work, and the second cause of action for quantum meruit
19  where she claims that Mango benefitted from the creation of the Work. While legally
20  inconsistent and could be attributable to counsel's oversight, the Court does not find
21  that the legal inconsistency makes her claims objectively unreasonable.

22      Defendant raises another factual inconsistency between her allegation that she
23  was promised a commission on the use of the Work, when in fact, the record showed
24  that the hourly rate included 'everything." Such factual inconsistency is common and
25  to be expected in a case and is to be determined at summary judgment or at trial.
26  Despite Defendant's asserted facts in the case, Plaintiff alleged that while the
27  compensation plan changed to an hourly rate, she was still promised a commission.
28  The theory of her case did not change. The Court concludes that Plaintiff's claims

were not objectively unreasonable.

### 3.    Frivolousness or Bad Faith

Defendant argues that Plaintiff litigated the case in bad faith and the case was frivolous because she brought this case not to address any grievance relating to her copyright interest in the Work but to harass Mango and to secure for herself the benefit of an agreement she wished she had made.   Plaintiff opposes arguing that Defendant has not provided any evidentiary showing of bad faith or frivolousness.

Using similar arguments raised on the unreasonableness factor, Defendant alleges Plaintiff acted in bad faith by providing inconsistent and contradictory factual allegations during the prosecution of this case.  Defendant contends that Plaintiff knew that she would receive no commission yet proceeded with her copyright claims which establishes an improper motive.  As stated above, the Court concluded that her theory of the case was objectively reasonable.  Defendant also argues that Plaintiff acted in bad faith because she continued to litigate claims and seek remedies that had been dismissed by the Court on its motion to dismiss order.  Defendant does not provide any legal authority that such litigation tactics rise to the level of frivolity or bad faith.

"When attorney fees are awarded against a plaintiff, the court looks to the plaintiff's conduct *in bringing the lawsuit and the manner in which it is prosecuted*." Love v. Associated Newspapers, Ltd., 611 f.3d 601, 616 (9th Cir. 2010) (quoting Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, 223 F.3d 1143, 1148 (9th Cir. 2000) (emphasis in original)).

As stated above, Plaintiff brought this lawsuit with the belief that she was promised a commission, through many emails and conversations with Mango's management, for the Work she created.  Such conduct is not frivolous or an indication of bad faith.  Defendant has failed to provide evidence that Plaintiff's conduct in bringing the lawsuit and the prosecution of this case was frivolous or brought in bad faith.

/ / / /

[12cv1405-GPC(KSC)]

### 4.    Considerations of Compensation and Deterrence

Defendant argues that considerations of compensation and deterrence weigh heavily in favor of it because it will encourage plaintiffs to fully consider the monetary costs of litigating non-meritorious claims; deter non-meritorious lawsuits against defendants seen as having "deep pocket"; and encourages the parties to focus on the real claims at issue and not bring their claims as improperly disguised copyright claims. In opposition, Plaintiff argues that Defendant has not shown that its successful defense of the case on an implied license theory furthers the primary purpose of the Copyright Act.  Plaintiff argues that an award of fees will have no deterrent effect because Plaintiff will unlikely pursue a copyright infringement case again.  Also, Defendant should not be rewarded through attorney's fees where it asserted for many years that Plaintiff held no copyright and then changed course and asserted its affirmative defense of an implied license.

The Copyright Act's "ultimate aim is . . . to stimulate artistic creativity for the general public good." Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 156 (1975). A successful defense of a copyright claim can increase public exposure to creative works and stimulate creativity.  Fogerty, 510 U.S. at 527.  "Under the Copyright Act, the question is whether a successful *defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." Mattel, Inc. v. Walking Moutain Prods., 353 F.3d 792, 816 (9th Cir. 2003) (emphasis in original).

The Court is not convinced that the successful defense in this case will increase public exposure or stimulate artistic creativity to the public. See e.g. Scnesy v. B..R. Chase, LLC, 2013 WL 4525400 (D. Idaho Aug. 26, 2013) (a successful meritorious defense will increase creativity by assuring authors and inventors that they can create or build upon ideas and information conveyed by a work without the threat of meritless copyright litigation). In Brod v. General Pub. Group, Inc., 32 Fed. Appx. 231 (9th Cir. 2002), the Ninth Circuit affirmed the district court's order granting motion for summary judgment in favor of the defendant and denying the defendant's motion for

attorney's fees.  In <u>Brod</u>, the plaintiff was a professional photographer and Defendant Collins was the author of numerous books and calendars featuring photographs.  <u>Id.</u> at 233.  Collins proposed that Brod photograph vintage televisions for use in a book he hoped to publish.  <u>Id.</u>  They both collaborated in the photography session.  <u>Id.</u> Subsequently, Collins incorporated, arranged and enhanced some of the photographs for use in the book.  <u>Id.</u>  Eventually, a publisher contracted with Collins and published the book, <u>The Golden Age of Television</u>, giving Brod sole copyright credit for the photographs.  <u>Id.</u>

Brod contacted Collins a number of times during this time, but Collins did not respond and did not contact him at any time prior to the agreement with the publisher. <u>Id.</u>  Brod was not aware of the book's publication until he received a copy from the publisher.  <u>Id.</u>  Brod filed a copyright infringement case against Collins and the publisher.  <u>Id.</u>  The district court granted summary judgment to Collins ruling that Brod could not sue him for infringement because he was a co-author of the photographs.  <u>Id.</u> at 233-34.  On appeal, Collins cross-appealed the district court's denial of his motion for attorney's fees which was affirmed.  <u>Id.</u> at 234.  In its ruling affirming the denial of attorney's fees, the Ninth Circuit considered the factors and concluded that an award of fees was not appropriate.  <u>Id.</u> at 236.  While Defendant prevailed, Plaintiff's claim raised colorable legal and factual issues about the ownership of the photographs.  <u>Id.</u> There was no evidence that the case was brought in bad faith and the need for compensation and deterrence was not compelling.  <u>Id.</u>  In sum, the court explained, "[w]e will not discourage 'starving artists' from defending copyrights in original works due to the threat of attorney's fees."  <u>Id.</u>

Similarly, the Court concludes that, in this case, it does not want to discourage individual plaintiff language developers from asserting their copyright ownership rights.  Plaintiff is the copyright owner who, based on the Court's ruling, granted Defendant an implied license to use the Work.  Early on in negotiations for a Mango 2.0 contract, Defendant agreed to compensate Plaintiff based on 10% of the revenues

[12cv1405-GPC(KSC)]

but since the parties disagreed on the amount of the buy out, a written contract was never executed.  As such, this litigation arose to adjudicate whether Mango infringed Plaintiff's copyrighted Work.  Awarding attorney's fees against Plaintiff would not further the purpose of the Copyright Act and encourage the production of original literary, artistic and musical expression for the good of the public.  It would serve to discourage individual language developers from asserting ownership in their copyrights.  See Brod, 32 Fed. Appx. at 236.  Accordingly, the Court concludes that considerations of deterrence and compensation weigh in favor of Plaintiff.

## Conclusion

Based on the above, the Court DENIES Defendant's motion for attorney's fees and costs.  The hearing set for October 24, 2014 shall be **vacated.**

IT IS SO ORDERED.


DATED:  October 22, 2014


HON. GONZALO P. CURIEL
United States District Judge

[12cv1405-GPC(KSC)]